IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31249
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON BYNUM,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(01-CR-50010-ALL)
--------------------
May 1, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jason Bynum appeals his conviction for retaliating against a witness, in violation of 18 U.S.C. § 1513(b)(1). He asserts that the evidence was insufficient to support his conviction and that the district court erred in excluding the testimony of FBI Agent Freddie Watkins.

Bynum's insufficiency argument is unavailing. To obtain a conviction for retaliating against a witness, the government must establish that: (1) the defendant knowingly (2) either caused or

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

threatened to cause (3) bodily injury to another person (4) with the intent to retaliate for the attendance or testimony of a witness at an official proceeding. 18 U.S.C. § 1513(b)(1); see United States v. Cofield, 11 F.3d 413, 419 (4th Cir. 1993); see also United States v. Galvan, 949 F.2d 777, 782 (5th Cir. 1991). Viewed in the light most favorable to the jury's verdict, the evidence was sufficient for a reasonable jury to conclude that Bynum threatened to cause bodily harm to Gabriella Rupert in retaliation for her having testified against him at his supervised-release hearing. See United States v. Loe, 262 F.3d 427, 432 (5th Cir. 2001), cert. denied, 122 S. Ct. 1078 (2002); see also Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Bynum complained to Rupert's co-workers, Nicole Cox and Patricia Finley, that Rupert had ruined his life and caused him to spend a year in jail. Finley testified that Bynum threatened to kill Rupert because her testimony at the supervised-release hearing had destroyed his life. Although Bynum contends that his statement was merely idle talk, a conclusion that the comment was meant as a threat and would be perceived as one by Rupert is supported by the fact that he had previously threatened to kill her. The government was not required to prove Bynum's intent to carry out the threat, only that Bynum intended to retaliate against Rupert for testifying against him. United States v. Maggitt, 784 F.2d 590, 593-94 (5th Cir. 1986). The fact that the threat was made to a third party is of no moment because the statute does not require, and the

2

government need not prove, that the threat be made directly to the witness herself.  See § 1513(b)(1).

Bynum's contention that the district court erred in excluding FBI Agent Watkins's testimony under the residual hearsay rule, FED. R. EVID. 807, is similarly unavailing.  We review the admission or exclusion of evidence for abuse of discretion.  United States v. Perez, 217 F.3d 323, 329-30 (5th Cir.), cert. denied, 531 U.S. 973 (2000).  We will "not disturb the trial court's ruling on the admissibility of evidence under the residual exception to the hearsay rule 'absent a definite and firm conviction that the court made a clear error of judgment in the conclusion it reached based upon a weighing of the relevant factors.'"  Id. (quoting Page v. Barko Hydraulics, 673 F.2d 134, 140 (5th Cir. 1982)).

Agent Watkins's testimony was properly excluded under the residual hearsay rule because it was not relevant to any material fact.  Bynum contends that Agent Watkins's testimony was relevant to show that Bynum was not "stalking" Rupert and to show that Rupert had not been truthful with the agent, thereby destroying her credibility.  Whether various witnesses who were interviewed by Agent Watkins had denied seeing or speaking to Bynum in the vicinity of the Creswell Hotel during the time in question —— contrary to Rupert's statement to the agent —— was immaterial to the question whether Bynum made threats against Rupert with the intent to retaliate against her.  Bynum conveyed his threat and

3

intent to Finley and Cox; whether other witnesses saw or spoke to Bynum at the same time was immaterial.

In addition, that testimony was not relevant for impeachment purposes because Rupert's credibility was not central to the government's case, so any impingement upon her credibility was only a minor point. Rupert did not testify that she saw Bynum after his release from prison or that Bynum directly threatened her. Instead, the critical testimony supporting the government's case was Finley's. Agent Watkins's proffered testimony had no bearing on Finley's credibility and was thus not relevant to a material fact. Bynum has failed to establish that the district court abused its discretion in excluding the testimony, so we shall not disturb the district court's evidentiary ruling. See United States v. Phillips, 219 F.3d 404, 419 n.23 (5th Cir. 2000); Perez, 217 F.3d at 329-30.

Bynum also states conclusionally that the exclusion of Agent Watkins's testimony violated Bynum's due process rights and his Sixth Amendment right to confrontation and compulsory process. He briefs no argument and cites no legal authority in support of these conclusional claims, so they are waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a).

Bynum has not demonstrated any error in the district court's judgment. Accordingly, the judgment is
AFFIRMED.